IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| THERESA L. COLVIN WALKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION V-09-3 |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of the Social | § | |
| Security Adiminstration, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Theresa L. Colvin Walker's ("Plaintiff's") Brief (Dkt. No. 8), to which Defendant Michael J. Astrue's ("the Commissioner's") has responded (Dkt. No. 9). After consideration of the briefs, record, and applicable law, the Court finds that the Commissioner's decision should be reversed and this case should be remanded.

**Background**

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) to review the decision of the Commissioner denying Plaintiff's application for disability insurance benefits and supplementary security income. Plaintiff is a 47-year-old (Tr. 114) with past work experience as a medical office worker (Tr. 137).

Plaintiff filed her application for benefits in March, 2004 (Tr. 114), alleging that she was disabled due to injuries sustained (and complications that ensued from those injuries) when she was thrown from a motorcycle in November, 2002. (Tr. 196.) Her claims were denied by the Commissioner and again on reconsideration. (Tr. 67, 76.) She had a hearing before an

Administrative Law Judge ("ALJ") on November 29, 2005.  (Tr. 87.)  The ALJ issued an opinion on February 21, 2006, finding that Plaintiff was not under a disability within the meaning of the Social Security Act.  (Tr. 57-66A.)  Plaintiff requested review of the decision, and the case was remanded to the ALJ by the Appeals Council.  (Tr. 106-108.)  Another hearing was held before the same ALJ on July 24, 2007.  (Tr. 31.)  On August 20, 2007, the ALJ again found against Plaintiff.  (Tr. 15-29.)  Plaintiff again requested review of the decision, but this time, the request for review was denied.  (Tr. 7.)  Plaintiff filed this action on January 22, 2009. (Dkt. No. 1.)

**Standard**

The Court's review of the Commissioner's final decision to deny disability benefits is limited to two issues: whether substantial record evidence supports the decision, and whether proper legal standards were used to evaluate the evidence.  *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002).

If the findings of fact contained in the Commissioner's decision are supported by substantial evidence, they are conclusive and this Court must affirm. The widely accepted definition of "substantial evidence" is more than a mere scintilla, but less than a preponderance. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  In applying this standard, the court is to review the entire record, but it may not reweigh the evidence, decide the issues de novo, or substitute the court's judgment for the Commissioner's. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999).   Only if no credible evidentiary choices of medical findings exist to support the Commissioner's decision should the court overturn it. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th

Cir. 1988). The Court reviews the legal standards applied by the Commissioner de novo.

To claim entitlement to disability benefits, a claimant must show that she was disabled on or before the last day of her insured status. *Demandre v. Califano*, 591 F.2d 1088 (5th Cir. 1979). The legal standard for determining disability under the Act is whether the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is capable of performing any "substantial gainful activity," the regulations provide that the Commissioner should evaluate disability claims according to the following sequential five-step process:

(1) a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are;

(2) a claimant will not be found to be disabled unless she has a "severe impairment;"

(3) a claimant whose impairment meets or is equivalent to an impairment listed in an Appendix to the regulation will be considered disabled without the need to consider vocational factors;

(4) a claimant who is capable of performing work she has done in the past must be found "not disabled;" and

(5) if the claimant is unable to perform her previous work as a result of her impairment, then factors such as age, education, past work experience, and residual functioning capacity must be considered to determine whether she can do other work.

*See* 20 C.F.R. § 404.1520(b)-(f); *see also Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994).

To be entitled to benefits, a claimant bears the burden of proving that she is unable to engage

in substantial gainful activity within the meaning of the Social Security Act. *See Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991). The claimant must show that she suffers from a mental or physical impairment that not only renders her unable to perform her previous work, but, given her age, education, and work experience, prevents her from engaging in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which she lives, or whether a specific job vacancy exists for her, or whether she would be hired if she applied for work. *Johnson v. Harris*, 612 F.2d 993, 997 (5th Cir. 1980). However, if the claimant can show that she can no longer perform her previous job, the burden then shifts to the Commissioner to show that there exists some other form of substantial gainful employment that the claimant can perform. *Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980). By judicial practice, this translates into the claimant bearing the burden of proof on the first four of the above steps and the Commissioner bearing it on the fifth. *See Brown*, 192 F.3d at 498; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). The analysis stops at any point in the five step process upon a finding that the claimant is or is not disabled. *See id.* at 236.

## Analysis

Plaintiff presents just one ground for reversal: the ALJ did not properly articulate his reasons for rejecting the opinion of Dr. Shook, Plaintiff's treating physician.

The ALJ need not take the treating physician's word as gospel, but can reject it for good cause. *See Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985). However, "absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Newton*

*v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). That section of the regulations requires consideration of the length, nature, and extent of the relationship between the physician and the patient, the frequency of examination, the extent to which the source's opinion is supportable by the record, the consistency of the opinion with the record, the specializations of the physicians with competing opinions, and any other relevant factors brought to the Commissioner's attention. 20 C.F.R. § 404.1527(d)(2)-(6).

The ALJ declined to give controlling weight to the treating physician's opinion that Plaintiff can only sit for two hours in an eight-hour workday. (*See* Tr. 24, 263.) The ALJ instead found that Plaintiff could sit for six hours. (Tr. 22.) The Commissioner argues that the ALJ considered that Dr. Shook's opinion was contradicted by other evidence and other opinions.

The ALJ's written opinion states Dr. Shook's findings and opinion (Tr. 24-25), then discusses findings and opinions by other doctors (Tr. 26-28). However, the ALJ never explicitly rejects Dr. Shook's opinion. Given this lack of explicitness, the ALJ of course never discusses the factors that 20 C.F.R. § 404.1527(d)(2)-(6) requires him to consider. For instance, the ALJ accepted the opinion of Dr. Leong, a medical expert who testified at the hearing, that Plaintiff could sit for six hours, without any discussion of the relative merits of Dr. Leong's specialization, of the relationship between Plaintiff and Dr. Shook, or any of the other factors that the ALJ is required to consider.

Because the ALJ failed to articulate properly why he rejected Dr. Shook's opinion, the case must be remanded for reexamination of this issue.

## Conclusion

For the reasons stated above, the Commissioner's decision is reversed and the case is

remanded pursuant to 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

It is so ORDERED.

Signed this 4th day of March, 2010.

                                                JOHN D. RAINEY
                                          UNITED STATES DISTRICT JUDGE